Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RAHEEM WILCOX,

                Plaintiff,

v.

MIKE PIMPINELLI, et al.,

                Defendants.

Civil Action No.: 21-2063 (JXN)(ESK)

**MEMORANDUM AND ORDER**

**NEALS**, District Judge

    **THIS MATTER** comes before the Court by way of several "supplemental" amended civil rights complaints filed by *pro se* Plaintiff Raheem Wilcox ("Plaintiff"), brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 18, 26, 27.) In February 2021, Plaintiff filed his initial Complaint in this matter. (ECF No. 1.) The Honorable Kevin McNulty U.S.D.J. (ret) ("Judge McNulty") granted *in forma pauperis* status in this matter.[1] (ECF No. 5.) While screening Plaintiff's initial complaint pursuant to 28 U.S.C. §1915(e)(2)(B) was pending, Plaintiff filed a First Amended Complaint (ECF No. 7) and a Second Amended Complaint (ECF No. 8). On April 5, 2022, Judge McNulty screened Plaintiff's Second Amended Complaint and dismissed without prejudice Plaintiff's Eighth Amendment deliberate indifference to medical needs claims against Defendants Tony Huggins, C. Lewis, and Henry Gantt; Plaintiff's deliberate indifference failure to protect claims against Defendants Mike Pimpinelli and James Russo; and Plaintiff's retaliation claims against

---

[1] On December 5, 2023, this matter was reassigned to the undersigned for all further proceedings. (ECF No. 28.)

Defendants Tony Huggins, Henry Gantt, Robin Keller, and Robert Chetirkin. (*See generally* ECF Nos. 11, 12, 18.) The Second Amended Complaint raised claims regarding Plaintiff's slip-and-fall on prison stairs that were lacking a non-slip tread, subsequent medical treatment, subsequent work-related restrictions, and retaliation for filing grievances. (*See* ECF No. 11 at 1-3.) Judge McNulty provided Plaintiff leave to file an amended complaint. (*See* ECF No. 15.)

On May 26, 2022, Plaintiff filed a Third Amended Complaint. (ECF No. 18.) The Third Amended Complaint fails to raise allegations regarding the claims and defendants raised in Plaintiff's Second Amended Complaint. (*See generally id.*) Instead, Plaintiff names only John Doe regarding a deliberate indifference to medical needs claim (*Id.* at 5), and then raises claims against various defendants regarding the "Earn Your Way Out Law" and its application to Plaintiff's sentence calculation (*Id.* at 7-14). On March 24, 2023, Plaintiff filed a "supplemental complaint," which the Court construes as a Fourth Amended Complaint. (ECF No. 26.) Plaintiff's Fourth Amended Complaint raises claims against new defendants regarding their deliberate indifference to medical needs claims subsequent to his slip-and-fall and fails to include the defendants named in his initial complaint. (*Id.*) Finally, on April 21, 2023, Plaintiff filed an "addendum to supplemental complaint," which the Court construes as a Fifth Amended Complaint. (ECF No. 27.) Plaintiff's Fifth Amended Complaint raises claims against new defendants regarding access to the toilet, failure to repair a broken pipe, and failure to protect Plaintiff from the COVID-19 virus. (*See generally id.*)

Although Plaintiff titles his Fourth Amended Complaint as a "supplemental complaint" (*see* ECF No. 26) and his Fifth Amended Complaint as an "addendum to supplemental complaint," (*see* ECF No. 27) these submissions do not supplement issues or facts raised in the previous submissions. Rather, they are individual amended complaints, raising claims that are wholly

unrelated to claims in the proceeding amended complaint. (See ECF Nos. 18, 26, 27.) The Court will not permit Plaintiff to supplement his Second Amended Complaint in this piecemeal fashion, as such submissions do not comply with Federal Rule of Civil Procedure 15, which governs amended and supplemental pleadings.

"In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id.* Furthermore, "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (per curiam). "Therefore, as a practical matter, the filing of amended . . . complaints effectively constitutes an abandonment of any prior complaints filed by a plaintiff." *Smith v. Price*, No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), report and recommendation adopted, No. 11-1581, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012). Therefore, the operative complaint in this matter is Plaintiff's most recently submitted "addendum to amended complaint," which the Court construes as a fifth amended complaint. (ECF No. 27.)

As explained above, Plaintiff's Seconded Amended Complaint raised claims against Defendants Tony Huggins, C. Lewis, Henry Gantt, Mike Pimpinelli, James Russo, Robin Keller, and Robert Chetirkin regarding a slip-and-fall Plaintiff experienced on prison stairs, and the subsequent medical treatment, work-related restrictions, and retaliation for filing grievances pertaining to those work-related restrictions. (*See* ECF No. 11 at 1-3.) Plaintiff's Fifth Amended Complaint raises claims that are wholly unrelated to the claims raised in his Second Amended Complaint. (*Compare* ECF Nos. 8 and 27.) Plaintiff's Fifth Amended Complaint raises claims

3

against various defendants for delaying Plaintiff's access to the toilet, failing to repair a broken pipe, and failing to protect Plaintiff from the COVID-19 virus. (ECF No. 27.)

The Federal Rules of Civil Procedure limit the joinder of claims and defendants in a civil action. Rule 18(a) controls the joinder of claims. In general, "[a] party asserting a claim . . . may join as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "In a multi-defendant case, however, the propriety of joinder is most directly controlled by the Rule 20 limits on joinder of defendants." *Alfred v. New Jersey*, No. 13-332, 2015 WL 4138882, at *2 (D.N.J. July 9, 2015). ; *see also* 7 Charles Alan Wright et al., Federal Practice & Procedure § 1655 (3d ed. 2023) ("Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.").

Rule 20(a)(2) controls the permissive joinder of defendants in *pro se* prisoner actions as well as other civil actions. Rule 20(a)(2) states that persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy." *Rouse v. Starks*, No. 16-3422, 2018 WL 707943, at *5 (D.N.J. Feb. 2, 2018). "However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit." *Id.* Also, "[a] district court may raise the issue of improper joinder *sua sponte*." *Alfred*, 2015 WL 4138882, at *2.

4

Here, Plaintiff seeks to join Officer Moore, Jane or John Doe, Atia Berryman, and B. Szuba to this action through his proposed Fifth Amended Complaint. The Fifth Amended Complaint also names Mike Pimpinelli, who was named in the Second Amended Complaint, as a defendant. However, the claim against Defendant Pimpinelli in the Fifth Amended Complaint is wholly unrelated to the claim in the Second Amended Complaint. Plaintiff's new allegations against these defendants do not arise "out of the same transaction, occurrence, or series of transactions or occurrences" as the allegations in Plaintiff's Second Amended Complaint, which related only to Plaintiff's slip-and-fall and the subsequent related medical care, work restrictions, and grievance retaliation. Nor is there any "question of law or fact common to all defendants," as required by the joinder rules. Instead, Plaintiff's Fifth Amended Complaint makes entirely different allegations, which is in essence a new, separate complaint and not an amendment. Specifically, Plaintiff alleges the new defendants delayed Plaintiff's access to the toilet, failed to repair a broken pipe, and failed to protect Plaintiff from the COVID-19 virus. (ECF No. 27.) Therefore, the Court will dismiss the Fifth Amended Complaint as it seeks to add unrelated claims and defendants to this action.

Accordingly,

**IT IS** on this 2nd day of April 2024,

**ORDERED** that the Clerk of the Court shall Re-Open this matter for the purpose of considering Plaintiff's fifth amended complaint (ECF No. 27); it is further

**ORDERED** that Plaintiff's fifth amended complaint (ECF No. 27) is **DISMISSED without prejudice;**[2] it is further

**ORDERED** that, considering Plaintiff's *pro se* status, Plaintiff is granted leave to move to reopen this matter within thirty (30) days from the date of this Order to file one more amended

---

[2] The Fifth Amended Complaint is dismissed without prejudice to Plaintiff's right to assert his new claims in a separate action with a new application to proceed *in forma pauperis* if he so chooses.

5

complaint to address the deficiencies of his second amended complaint (ECF No. 8) that were found in Judge McNulty's April 5, 2022 Opinion (ECF No. 11); and it is finally

**ORDERED** that the Clerk of the Court shall serve Plaintiff with a copy of this Memorandum and Order by regular U.S. mail and **CLOSE** this matter.

_____
**JULIEN XAVIER NEALS**
**United States District Judge**